THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES LEWIS WILLIAMS, Appellant.

Fourth Department, April 11, 1974.

Nicholas P. Varlan (Robert S. Beer of counsel), for appellant.

Jack B. Lazarus, District Attorney (Melvin Bressler of counsel), for respondent.

MAHONEY, J. This is an appeal from a judgment of Monroe County Court convicting defendant on a " plea of guilty " of falsifying business records in the first degree, and sentencing him to an indeterminate term of imprisonment with a maximum of four years. He is presently incarcerated at the Attica Correctional Facility.

Defendant contends (1) that falsifying business records is not a " lesser included offense " of the crime of criminal possession of a forged instrument or grand larceny, and so the court was without authority to accept such plea; and (2) that the sentence was excessive.

The indictment contained three counts, charging defendant with two distinct offenses. In count one it accused him of the crime of criminal possession of a forged instrument in the second degree and in count two it charged him with criminal possession of a forged instrument in the second degree relating to a different offense from that referred to in count one, and in count three it charged him with grand larceny in the third degree.

Appellant claims that the crime to which he pled, i.e., falsifying business records (Penal Law, § 175.10), is not a " lesser included crime " under any of the crimes charged in the indictment, and the District Attorney agrees with this contention. Under such circumstances the plea herein entered must be vacated and the matter remitted to County Court either for trial on the charges contained in the indictment or proper plea disposition. In light of this disposition, we do not reach the defendant's claim of excessiveness of sentence.

CPL 220.10 (subd. 5) provides that "where the indictment charges two or more offenses in separate counts, the defendant may, with both the permission of the court and the consent of the people, enter a plea of * * * . (b) Guilty of a lesser included offense with respect to any or all of the offenses charged ".

Subdivision 37 of section 1.20 of the CPL provides: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ' lesser included offense '. In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto."

The above statutory amendment constitutes a reversal of the traditional decisional law. Prior to the amendment of subdivision 5 of section 220.10 of the CPL in 1973, the law in this State was graphically expressed by Judge VAN VOORHIS in *People* v. *Griffin* (7 N Y 2d 511, 516) as follows: "Moreover, the practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situation may be based upon no objective state of facts. It is often *a hypothetical crime,* and the procedure — authorized by statute — is justified for the reason that it is in substitution for a charge of crime of a more serious nature which has been charged but perhaps cannot be proved * * * his plea may relate to a hypothetical situation without objective basis ". (Emphasis added.)

The same court in *People* v. *Foster* (19 N Y 2d 150, 154) later stated, referring to the above: "We agree with this reasoning in dealing with acceptance of guilty pleas."

It will be seen from the foregoing cases that the statutory scheme enacted by the Legislature in the statutes quoted above has abrogated previous decisional law. The judgment should, therefore, be reversed on the law and the matter remitted to County Court, Monroe County, for proceedings in conformity with this opinion.

MARSH, P. J., WITMER, SIMONS and GOLDMAN, JJ., concur.

Judgment unanimously reversed on the law and matter remitted to Monroe County Court for further proceedings on the indictment.