■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EDWARD SCOTT, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered June 3, 1976, convicting defendant on his plea of guilty of the crime of rape in the second degree. The defendant was indicted for rape in the first degree (Penal Law, § 130.35), sodomy in the first degree (Penal Law, § 130.50) and criminal possession of a weapon in the second degree (Penal Law, § 265.03), all arising out of a single incident. In a separate indictment he was later charged with assault in the second degree (Penal Law, § 120.05, subd 3), obstructing governmental administration (Penal Law, § 195.05) and riot in the second degree (Penal Law, § 240.05). Upon the consent of the court and the People, he was allowed to plead to rape in the second degree in full satisfaction of all the pending charges. Even under the broader definition of "lesser included offense" set out in CPL 220.20, rape in the second degree (statutory rape) is not a lesser included offense of any of the crimes charged (CPL 1.20, subd 37; 220.20; cf. People v Burch, 281 App Div 348). Therefore, the defendant urges, and the District Attorney concedes, that CPL 220.10 (subd 4) invalidates his plea (see People v Williams, 44 AD2d 216). Except in circumstances not relevant here, the statute apparently authorizes the court to accept a guilty plea only to the crime charged or to a lesser included offense. Since the District

Attorney consents that the conviction be reversed, we need not rule on the meaning of the statute or the possibility that the plea of guilty constituted a waiver. Judgment reversed, on the law, and matter remitted for further proceedings on the indictment. Koreman, P. J., Greenblott, Kane, Mahoney and Main, JJ., concur.