■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MUZIO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 22, 1981, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first and third degrees, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant argues that prosecutorial misconduct deprived him of a fair trial. We disagree. During the presentation of the People's case, the prosecutor asked an undercover police officer who bought cocaine from the defendant whether the defendant seemed familiar with cocaine dealing. The officer replied, "Very familiar". Defense counsel then objected to the question. The Trial Judge sustained the late objection and struck the answer from the record, but denied counsel's motion for a mistrial. Since the defendant, by raising an entrapment defense, had put in issue his predisposition to commit the crimes, we do not think the court's refusal to declare a mistrial was error. Although the question was improperly asked in that a proper foundation for asking the officer's opinion was not laid and in that the testimony sought would have been more properly presented in the People's rebuttal case, the People were entitled to introduce evidence showing the defendant's predisposition to commit the crimes. Hence no prejudice was created by the answer. Defendant also argues that reversal is mandated by the prosecutor's use for impeachment purposes of an incriminating statement he made to a probation officer in preparation of a presentence report after a subsequently withdrawn guilty plea was entered. He asserts that since the fact that he pleaded guilty was "out of the case" (*People v Spitaleri,* 9 NY2d 168, 173), his admission to the probation officer should be likewise privileged. We note at the outset that his counsel's objection to the line of questioning was sustained, and since counsel failed to move for a mistrial, the alleged error is not preserved for review. In any event, a reversal in the interest of justice is not warranted. Defendant had the opportunity to make withdrawal of any incriminating statements he made a condition of his plea bargaining agreement. Having failed to do so, he cannot

now be heard to claim that it was unfair to impeach him with these statements when he took the stand and denied knowingly possessing or selling the controlled substance in question (see *People v Evans*, 58 NY2d 14). We have examined defendant's remaining contentions and find them to be entirely without merit. Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.