*703 OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be affirmed.
The defendant, having pleaded guilty to the class B misdemeanor of attempted resisting arrest, was sentenced to 90 days’ imprisonment and a penalty assessment of $40. Defendant contends that the penalty assessment imposed under section 60.35 of the Penal Law, and made enforceable under CPL 420.35, is civil in nature and is unconstitutional in that it discriminates against individuals who are convicted of Penal Law offenses in violation of the equal protection clauses of the State and Federal Constitutions.
Assuming, without deciding, that the mandatory penalty assessment law is civil in nature we conclude that it does not, as the defendant contends, offend the equal protection clause by creating an irrational classification. The statute treats all persons convicted of Penal Law offenses similarly, and it is of no moment that this group is singled out for this assessment. The “rational relationship” test sought to be applied by the defendant would only be relevant if the State sought to treat similarly situated individuals in a different manner. That is not the case here.
Because these statutes do not employ suspect classifications or adversely affect fundamental rights, the only rationality test which must be passed is the determination of “whether the challenged classification bears a reasonable relationship to some legitimate legislative objective” (Alevy v Downstate Med. Center, 39 NY2d 326, 332). The penalty would appear to be related, at the very least, to the State’s legitimate interest in raising revenues.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.