THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RADA, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 25, 1989, convicting defendant, upon a plea of guilty, of criminal

possession of a controlled substance in the second degree (Penal Law § 220.18), sentencing him to an indeterminate prison term of from five years to life, and imposing a mandatory surcharge of $100, is unanimously affirmed.

Defendant was arrested as a result of his participation in a major drug distribution ring, from which he, acting in concert with others, played an active role in supplying over 11½ pounds of cocaine to an undercover police officer. Charged with conspiracy in the second degree, criminal sale of a controlled substance in the first degree (two counts), and criminal possession of a controlled substance in the first degree (three counts), defendant pleaded guilty and was sentenced as noted above.

On appeal, defendant argues that his sentence was excessive, and that the imposition of a surcharge pursuant to Penal Law § 60.35 was improper. These claims are without merit.

Once a court accepts a plea with no reason to believe that it is unfair or inappropriate, the bargain becomes final. *(People v Francis,* 38 NY2d 150, 156.) Moreover, defendant was sentenced in accordance with his plea bargain and within statutory guidelines and, "[h]aving received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918; *People v Rush,* 155 AD2d 241.)

With respect to the $100 mandatory surcharge, we first note that the proper procedure for raising a claim of undue hardship is to move for resentencing pursuant to CPL 420.10 (5). In any event, defendant has failed to establish that the surcharge worked an unreasonable hardship on him or his immediate family. *(See,* CPL 420.35; *People v Lewis,* 134 AD2d 286.) Concur—Kupferman, J. P., Ross, Carro and Kassal, JJ.