■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY A. JOHNSON, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered July 15, 1988, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate felon, to 3½ to 7 years' imprisonment, to run consecutive to parole time owed, and imposing a surcharge, is unanimously affirmed.

Defendant's arguments (1) that the People failed to prove defendant's guilt beyond a reasonable doubt, the evidence was insufficient and the jury verdict was against the weight of the evidence because the arresting officer, who was the sole testifying witness on the issue of possession, allegedly gave testimony inconsistent with prior statements regarding the number of times defendant was frisked, and (2) additional facts,

such as defendant's apparent innocuous behavior when stopped by police, the lack of testimony that any bulges, indicative of gun possession, were observed on defendant's person, as well as the fact that the gun recovered from defendant was of the type used by off-duty officers, all supported defendant's theory that the gun was "planted" on his person, are without merit. The trial testimony indicated that both a quick patdown and a subsequent frisk were conducted by the arresting officer on defendant. The confusion in the arresting officer's testimony, on cross-examination, when asked how many times defendant was "frisked", clearly stemmed from the officer's differentiation between the terms "frisk" and "patdown". Moreover, great deference is to be given to the fact finder's determination of credibility, which is made apparent by the verdict, and which may not be disturbed where there "is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" *(People v Bleakley,* 69 NY2d 490, 495 [1987]).

The strong, uncontradicted evidence in the form of testimony from the arresting officer and police ballistic expert established that a loaded, operable .38 calibre Smith & Wesson gun was recovered from defendant's right breast coat pocket during a frisk following defendant's arrest. Furthermore, the weight of the evidence supports the jury's conclusion and not defendant's "plant" theory because although the defendant now asserts there was no testimony regarding a bulge in his coat, and that the gun allegedly recovered was of a type used by off-duty officers, the prosecution established through testimony at trial that defendant wore a heavy overcoat and that the gun had an unauthorized custom-made "stag handle", and was loaded with a brand of ammunition that is strictly prohibited by the New York City Police Department *(see, e.g., People v Bleakley, supra).*

Finally, the court properly exercised its discretion in denying defendant's motion, at sentencing, for waiver of the surcharge since defendant failed to establish that payment of the surcharge would work an unreasonable hardship upon himself or his immediate family. *(See,* CPL 420.35; *People v Lewis,* 134 AD2d 286 [2d Dept 1987].) Defendant's claim that he was unconstitutionally imprisoned because of his failure to pay the surcharge is unpreserved *(see, People v Ruz,* 70 NY2d 942, 943 [1988]) and, nonetheless, is without merit. *(See, People v Barnes,* 62 NY2d 702 [1984].) Concur—Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.