■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOLMES RAMOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 30, 1989, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his constitutional and statutory right to be present during material stages of his trial (see, US Const 6th, 14th Amends; NY Const, art 1, § 6; CPL 260.20), because peremptory challenges and challenges for cause were taken by the Trial Judge in the robing room while the defendant waited in the courtroom and because a precharge conference was conducted in the Judge's chambers, also outside of the defendant's presence. We disagree.

During the course of the voir dire of potential jurors, throughout which the defendant was present, the Trial Judge announced that: "It is my practice, with consent of counsel, to take the challenges in the robing room out of the presence of the jury and of course out of the presence of the defendant. I am not concerned so much with the defendant. I am concerned with the jury. I find that it is more expedient to take it inside. Here at the side bar looking over at the panel you might prejudice yourselves and you don't want to be—the jury shouldn't know which of you have challenged a potential juror." Counsel for both sides consented, and the challenges were taken in the robing room. However, those challenges were given actual effect thereafter, in the defendant's presence, "by the clerk's reading off the list" *(United States v Chrisco,* 493 F2d 232, 236-237, *cert denied* 419 US 847) in open court. Moreover, the defendant had a full opportunity to confer with his attorney during the impaneling process both before and after counsel and the Trial Judge conferred in the robing room.

It is true that the impaneling of the jury is a material stage of a criminal trial, which triggers the defendant's right, protected by statute and by the State and Federal Constitutions, to be present *(see, People v Ciaccio,* 47 NY2d 431; *People v Mullen,* 44 NY2d 1; *see also, People v Buford,* 69 NY2d 290). Moreover, the exercise of challenges to potential jurors is, in turn, an essential part of the impaneling process *(see, People v Mullen, supra; People v Ciaccio, supra; Maurer v People,* 43 NY 1, 3). The defendant's right to be present does not extend, however, to every discussion between counsel and the court simply because it takes place during and pertains to the impaneling of the jury and the exercise of challenges *(see, People v Velasco,* 77 NY2d 469). What is required is that a defendant have meaningful opportunity to participate in the critical stage of determining the ultimate composition of the jury *(cf., People v Velasco, supra).*

There is no showing here that, because challenges were conveyed to the Trial Judge in the robing room, the defendant was deprived of a meaningful voice in the selection of the jury. Indeed, the record demonstrates that the defendant was "sufficiently present" during material parts of the impaneling process to satisfy constitutional and statutory requirements *(see, United States v Chrisco,* 493 F2d 232, 236-237, *cert denied* 419 US 847, *supra; cf., People v Velasco, supra).* Additionally, since the precharge conference concerned only questions of law and since his absence from this portion of the proceedings

did not bear a substantial relationship to his ability to defend against the charges, there was no interference with the defendant's right to be present during any material stage of his trial *(see, People v Velasco, supra; People v Mullen, supra; People v Morales,* 163 AD2d 332).

We have considered the defendant's remaining contentions and find them to be unpreserved for review as a matter of law or without merit. Mangano, P. J., Bracken, Harwood, O'Brien and Ritter, JJ., concur.