■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP WHITMORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 10, 1989, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although two prospective jurors initially expressed some concern about the emotional impact of violent crimes commit-

ted against them or their families, they both ultimately indicated that this would not affect their ability to sit as fair and impartial jurors. Accordingly, the court did not err in denying the defendant's application to excuse these jurors for cause *(see, People v Williams,* 63 NY2d 882, 884-885).

In addition, the defendant's right to be present during the impaneling of the jury was not impaired by his exclusion from certain preliminary questioning of prospective jurors, prior to the formal voir dire, where his attorney was present and he did not object. Such procedures did not violate the defendant's statutory or constitutional right to be present at the impaneling of the jury *(see, People v Velasco,* 77 NY2d 469; *People v Knight,* 173 AD2d 646; *People v Blake,* 158 AD2d 979; *People v Ganett,* 68 AD2d 81, *affd* 51 NY2d 991; *see also, Snyder v Massachusetts,* 291 US 97, 106-107; *People v Ramos,* 173 AD2d 748). Likewise, the defendant's right to be present was not impaired by his absence from conferences during which counsel advised the court of their peremptory challenges and challenges for cause *(People v Velasco, supra; People v Ramos, supra; People v Knight, supra).*

Finally, the court did not err in imposing a mandatory surcharge *(see, People v Barnes,* 62 NY2d 702). Should the defendant find himself unable to pay the surcharge at the conclusion of his imprisonment, he may then move for a waiver thereof (CPL 420.10 [5]; *People v West,* 124 Misc 2d 622; *People v Conigliaro,* 144 AD2d 685; *People v Fulton,* 138 AD2d 514). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.