■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY ADAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 14, 1989, convicting him of sodomy in the first

degree, robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Despite the unavailability of the lineup photograph, we find that there was ample evidence to support the hearing court's determination that the defendant's lineup was not unduly suggestive. Moreover, it is not required that lineup fillers possess physical characteristics identical to those of the defendant (see, People v Meatley, 162 AD2d 721). Similarly, it was not unduly suggestive for the police merely to inform the complainant, prior to her viewing the lineup, that they had picked up a suspect (see, People v Hernandez, 122 AD2d 856).

The defendant's challenges to some portions of the prosecutor's summation are unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). To the extent that the challenges to the remarks of the prosecutor in summation are preserved for our review, we conclude that the prosecutor's statements constituted fair comment on the evidence adduced at trial and did not exceed the bounds of permissible rhetoric (see, People v Ayala, 165 AD2d 878; People v James, 146 AD2d 712).

The defendant's sentence was not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80). Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.