■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MELENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 11, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied his right to a speedy trial pursuant to CPL 30.30. After subtracting periods of delay directly resulting from the defendant's pretrial motions, delays to which the defendant consented, adjournments at the defendant's request, the period during which the defendant was without counsel through no fault of the court, the period of delay attributable to the failure of the defendant's counsel to appear, and the period during which the defendant was hospitalized, the total time chargeable to the People is well within the permitted six calendar months (see, People v Seabrook, 126 AD2d 583; CPL 30.30 [4]).

We also reject the defendant's contention that he was denied a fair trial when the court failed to mention in its charge that the victim had made a photographic identification of another individual. The court was not required to marshal all of the evidence. The jury was well aware of this misidentification, which was discussed in the opening statement and summation by defense counsel. Further, the court gave an expanded identification charge, stressing to the jury the danger of convicting the wrong man, and focusing the jury's attention on the victim's credibility as well as the accuracy of his identifications (see, People v Daniels, 88 AD2d 392, 401). The court properly emphasized to the jury that it should consider all relevant evidence on identification, and that the victim's lineup identification of the defendant should be scrutinized with great care (see, People v Whalen, 59 NY2d 273). Accordingly, the charge was not prejudicial to the defendant.

In addition, there is no merit to the defendant's claim that he was excluded from a material stage of trial during the course of the voir dire of potential jurors. The voir dire essentially occurred in open court in the presence of the defendant. Although challenges to the jurors initially were made in the court's chambers outside the presence of the defendant, including additional questioning permitted of two jurors whom the defendant was challenging for cause, the defendant's attorney was freely permitted to consult with the defendant upon request and before and after the discussions in chambers. The challenges eventually were given effect in the defendant's presence when some of the jurors were sworn and others were excused in open court. No objection to this procedure was raised at the time. Under these circumstances, the defendant was not "deprived of a meaningful voice in the selection of the jury" (People v Ramos, 173 AD2d 748, 749) and was " 'sufficiently present' during material parts of the im-

paneling process to satisfy constitutional and statutory requirements" *(People v Ramos, supra,* at 749, quoting *United States v Chrisco,* 493 F2d 232, 236-237, *cert denied* 419 US 847; *see also, People v Velasco,* 77 NY2d 469).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.