■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MASAO YONAMINE, Appellant. [597 NYS2d 102] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 12, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence and (2) by permission, an order of the same court dated December 4, 1990, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The trial court has great latitude in limiting the scope and duration of counsel's opening statements *(cf., People v Brown,* 136 AD2d 1, 16, *cert denied* 488 US 897) and, in this case, the trial court did not improvidently exercise its discretion.

Contrary to the defendant's contention, the trial court followed the procedure set forth by the Court of Appeals in *People v Ventimiglia* (52 NY2d 350, 362) in determining the admissibility of prior uncharged crimes.

The defendant's right to be present during the impaneling of the jury was not violated by his absence from a conference in chambers during which counsel advised the court of their peremptory challenges and challenges for cause *(see, People v Velasco,* 77 NY2d 469). The record reveals that, as in *Velasco,* the voir dire and the removal of the jurors from the panel were conducted in open court. Moreover, the defendant does not contend that he was absent during these proceedings.

Finally, trial counsel proceeded as effectively as possible in view of the overwhelming evidence of the defendant's guilt. He made appropriate pretrial motions and obtained pretrial hearings. At trial, he vigorously cross-examined the People's witnesses, raised appropriate objections, made appropriate motions, delivered opening and closing statements which were consistent with his extreme emotional disturbance defense, and presented an expert witness on the defendant's behalf. In sum, the defendant received meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54

NY2d 137, 146-147; *People v Konits,* 159 AD2d 590, 591, *cert denied* 498 US 939; *People v Cartagena,* 128 AD2d 797, 798).

We have considered the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or do not warrant reversal. Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.