■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANGEL VELASQUEZ, Also Known as ALBERTO VELASQUEZ, Appellant. [603 NYS2d 126] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 10, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree and sentencing him as a predicate felon to a term of 3 to 6 years to run consecutively to any parole time owed, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of fifth degree criminal possession of a controlled substance. Moreover, upon an independent review of the facts, we find the verdict was not against the weight of that evidence *(see, People v Bleakley,* 69 NY2d 490). The issue raised by defendant concerning the credibility of the two arresting police officers was properly placed before the jury, and after considering the relative force of the conflicting testimony and the competing inferences which may be drawn therefrom, we find no basis to disturb its determination.

Defendant's claim that the mandatory surcharge pursuant to Penal Law § 60.35 should be waived because it would cause him undue hardship is premature. Should defendant, at the end of his prison term, find himself unable to pay the surcharge, he may move for a waiver at that time. Furthermore, the proper procedure for raising a claim of undue hardship is to move for resentencing pursuant to CPL 420.10 (5) *(People v Ramirez,* 165 AD2d 656, 657, *lv denied* 77 NY2d 881).

Finally, defendant's sentence was neither harsh nor excessive and we find no circumstances warranting a reduction given defendant's previous criminal record *(People v Farrar,* 52 NY2d 302). Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.