■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. COHEN, Appellant. [607 NYS2d 374] —Appeals by the defendant from two judgments of the County Court, Suffolk County (Tisch, J.), both rendered November 14, 1991, convicting him of sodomy in the first degree (nine counts), sexual abuse in the second degree (two counts), sexual abuse in the third degree (eight counts), and endangering the welfare of a child under Indictment No. 185/90, sexual abuse in the first degree (seven counts) under Indictment No. 1338/90, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant, a pediatrician, was convicted of sexually abusing and sodomizing several boys who were either patients of his medical practice or individuals whose families he had befriended.

Initially, the defendant contends that he was denied a fair trial because the court examined prospective jurors regarding their knowledge of the case, as a result of pretrial publicity, outside of his presence. In People v Sloan (79 NY2d 386), the Court of Appeals held that such a procedure violated a defendant's right to be present at a material stage of the trial. We have recently determined, however, that the rule enunciated in Sloan should be applied prospectively (i.e., the rule only applies to those cases in which jury selection occurred after April 7, 1992, the date on which Sloan was decided) (see, People v Hannigan, 193 AD2d 8). In the case before us, jury

selection occurred prior to April 7, 1992. Thus, reversal is not required on that ground.

The defendant also contends that he was excluded from a material stage of the trial when counsel exercised their challenges to the jury in chambers, outside of his presence. The record reveals, however, that, while counsel initially advised the court of their challenges when the defendant was not present, the challenges were eventually given effect in his presence when challenged jurors were excused and others were sworn in open court (see, People v Melendez, 182 AD2d 644; see also, People v Yonamine, 192 AD2d 687).

Prior to his indictment on the charges herein, the defendant pleaded guilty to sexual abuse in the second degree in connection with an incident involving a minor who was not a complainant in the cases before us. A presentencing report was prepared in connection with that plea, although the defendant's sentencing thereon was deferred until the charges in these cases were resolved. Prior to trial, the People made an application to be allowed, inter alia, to use on the People's direct case the defendant's statements contained in the pre-sentence report prepared in connection with the earlier matter in which the defendant had pleaded guilty. The court ruled that those statements could only be used to impeach the defendant if he took the witness stand.

The defendant contends that the court's ruling violated CPL 390.50, which provides for the confidentiality of information contained in presentence reports. The defendant also contends that allowing the prosecutor to impeach him with the statements contained in his presentence report violates public policy because the release of such information would hinder his rehabilitation.

Although CPL 390.50 generally provides for the confidentiality of presentence reports, CPL 390.50 (1) allows disclosure "where specifically required or permitted by statute or upon specific authorization of the court." In this case, the trial court specifically authorized the use of the statements contained in the defendant's presentence report under very limited circumstances. Moreover, we do not accept the defendant's contention that the use of those statements for impeachment purposes violates public policy (see, People v Muzio, 91 AD2d 1050).

The defendant further contends that the statements in question were obtained in violation of his rights because he was never advised that they might be used against him at his

trial. The defendant also contends that the statements were not voluntary and that he was coerced into making them because the court made his cooperation with the probation department a condition to accepting his plea. Even if the statements were obtained in violation of the defendant's rights, reversal is not required. While illegally obtained statements are not admissible on the People's direct case, they may be used to impeach a defendant who takes the witness stand and whose testimony is inconsistent with such statements *(People v Maerling,* 64 NY2d 134, 140).

With regard to the defendant's convictions of those counts relating to two particular complainants, B.W. and F.O., the defendant contends that the verdicts are not supported by legally sufficient evidence and that his convictions of those counts are against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The court sentenced the defendant to consecutive sentences with regard to each of his felony convictions. In connection with his convictions of nine counts of sodomy in the first degree, the record reveals that those charges arose from acts which were committed on four separate dates. The evidence presented at trial as to those counts established that the defendant performed separate sexual acts, constituting distinct offenses, justifying the consecutive sentences imposed *(see, People v Patterson,* 165 AD2d 886; *People v Scattareggia,* 152 AD2d 679; *People v Teleford,* 134 AD2d 632). Those sentences are not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.