■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY EVANS, Appellant. [615 NYS2d 914] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 27, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial because the court examined prospective jurors regarding their knowledge of the case, as a result of pretrial publicity, outside of his presence. In *People v Sloan* (79 NY2d 386), the Court of Appeals held that such a procedure violated a defendant's right to be present at a material stage of the trial. However, the Court of Appeals has determined that the rule enunciated in *Sloan* should be applied only prospectively to cases in which jury selection occurred after April 7, 1992, the date on which *Sloan* was decided *(see, People v Sprowal,* 84 NY2d 113; *see also, People v Hannigan,* 193 AD2d 8). In the case before us, jury selection occurred prior to April 7, 1992. Thus, reversal is not warranted on that ground.

The defendant also contends that he was excluded from a material stage of the trial when counsel exercised their challenges to the jury in chambers, outside of his presence. While the defendant was not present when the challenges were discussed, he was present during the entire voir dire and was present when the challenges were given effect, because the challenged jurors were excused and others were sworn in open court *(see, People v Cohen,* 201 AD2d 494; *People v Melendez,* 182 AD2d 644; *People v Yonamine,* 192 AD2d 687).

The defendant's contention that there was insufficient evidence to prove the intent element of the intentional murder charge is unpreserved for appellate review (CPL 470.05 [2]). In any event, viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or do not warrant reversal. Balletta, J. P., Rosenblatt, Joy and Florio, JJ., concur.