■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RAMIREZ, Appellant. [617 NYS2d 13] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered August 2, 1993, convicting defendant, upon his pleas of guilty, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and imposing a mandatory surcharge of $150, unanimously affirmed.

We adhere to our holdings that an application for waiver of the mandatory surcharge on the ground of unreasonable hardship (CPL 420.35) is premature until the end of the defendant's term of imprisonment *(e.g., People v Velasquez,* 198 AD2d 25, *lv denied* 82 NY2d 932; *accord, e.g., People v Whitmore,* 177 AD2d 525 [2d Dept], *lv denied* 80 NY2d 840). In the event defendant is unable to pay the surcharge at that time *(see,* Correction Law § 187; Penal Law § 60.35 [5]), he may then move for the waiver *(People v Velasquez, supra).* Such procedure does not violate defendant's rights to due process and equal protection since he is not being imprisoned, or kept from release, because of any inability to pay the surcharge.

Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.