▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HARRIS, Appellant. [624 NYS2d 838] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered December 15, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the

jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, his right to be present during material stages of the trial was not violated when counsel exercised their challenges to the jury outside his presence. The defendant was present during the entire voir dire and when the challenges were given effect, because the challenged jurors were excused and others were sworn in open court *(see, People v Velasco,* 77 NY2d 469; *People v Yonamine,* 192 AD2d 687; *People v Evans,* 207 AD2d 500; *People v Melendez,* 182 AD2d 644; *People v Ramos,* 173 AD2d 748). Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.