■ The People of the State of New York, Respondent, v Ken Walker, Appellant. [628 NYS2d 1012] —Judgment, Supreme Court, New York County (Clifford Scott, J., at suppression hearing; Patricia Williams, J., at plea and sentence), rendered March 28, 1994, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's motion to suppress tangible evidence was properly denied without a Mapp hearing since his motion papers contained only legal conclusions and conclusory allegations that failed to show that the evidence was unlawfully seized (People v Moore, 213 AD2d 352; People v Dekle, 192 AD2d 471, lv denied 81 NY2d 1072).

No further allegations of fact in support of this motion were proffered by defendant after the conclusion of the hearing on his motion to suppress statements.

Defendant, who entered a guilty plea without any sentencing promise from the court, has failed to provide any evidence, either in the Supreme Court or on appeal, that the imposition of the mandatory felony surcharge would work an unreasonable hardship upon him or his family as required by statute (CPL 420.35 [2]; see, People v Rada, 160 AD2d 552, 553; People v Lewis, 134 AD2d 286). As a result, there is no basis for this Court to conclude that the surcharge was improperly imposed.

Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.