■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LANTIGUA, Appellant. [648 NYS2d 1] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered August 23, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and reckless endangerment in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 4 to 8 years, $3^1/2$ to 7 years and 1 year, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The trial court's instruction regarding circumstantial evidence was proper, since, taken as a whole, it was adequate "to inform the jury, in substance, that in order to find the defendant guilty, it was required to find that the inference of guilt was the only one that could fairly and reasonably be drawn

from the facts, and that the evidence excluded beyond a reasonable doubt every reasonable hypothesis of innocence" (*People v Perez*, 173 AD2d 162, 163, *lv denied* 78 NY2d 925).

We reject defendant's argument that "the introduction upon re-direct examination of a hearsay statement as to the ultimate issue to be determined was reversible error". The statement at issue—that a young boy had told the arresting officer that defendant had placed a gun on a fire escape—was not offered as proof of the matter asserted; rather, it was properly admitted to show why the officer had considered it unnecessary to submit the weapon for fingerprint testing, a matter as to which defendant opened the door on cross-examination.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Williams and Mazzarelli, JJ.