■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUPHRATES ARTHUR, Appellant. [651 NYS2d 672] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 27, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, who pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1$^1$/$_2$ to 3 years to run consecutive to the sentence he was serving, claims that County Court erred in denying his motion to waive the $150 mandatory surcharge imposed pursuant to Penal Law § 60.35 (1) (a).

Initially, we reject defendant's contention that the imposi-

tion of the mandatory surcharge and resulting garnishment of his inmate fund to pay the surcharge is unconstitutional (*see, e.g., People v Barnes*, 62 NY2d 702, 703; *People v Ramirez*, 208 AD2d 381, *lv denied* 84 NY2d 1037; *see also*, Penal Law § 60.35 [5]). Moreover, inasmuch as defendant has not completed his term of imprisonment and may pay such amount from his earnings while in prison or from funds in his inmate account, we find that his request for waiver of the mandatory surcharge is premature (*see, People v Burke*, 222 AD2d 837, 838; *People v Ramirez, supra; People v Mejia*, 191 AD2d 844, *lv denied* 81 NY2d 1017).

Cardona, P. J., Mikoll, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.