(April 29, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LI, Appellant. [657 NYS2d 597] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J., at suppression hearing; Budd Goodman, J., on speedy trial motion; Harold Rothwax, J., at jury trial and sentence), rendered April 19, 1995, convicting defendant of robbery in the first degree (2 counts) and attempted robbery in the first degree, and sentencing him to concurrent terms of 4 to 12 years, 4 to 12 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. In light of the two radio reports, the first indicating a "dispute" at a specified address and the second stating that a "man with a gun" was at the corner of the same street, which was in close proximity to the address given in the first report, and defendant's furtive behavior and flight, which constituted escalating factors (*People v Leung*, 68 NY2d 734, 736; *People v Sierra*, 83 NY2d 928), the police had ample basis to detain defendant forcibly (*People v De Bour*, 40 NY2d 210, 223; *People v Jones*, 172 AD2d 265, *lv denied* 78 NY2d 923).

Defendant's speedy trial motion was properly denied since the People were ready for trial well within the statutory period. The motion court correctly charged the People with such periods of post-readiness delay for which they were directly responsible (*see, People v Anderson*, 66 NY2d 529).

At trial, the court did not err in allowing a police witness to testify in response to court inquiry on cross-examination and on re-direct to the substance of two radio reports and a portion of the underlying 911 call. This evidence did not constitute

hearsay since it was not introduced for the truth of the matters asserted, but to explain the basis for the police conduct that the defense was challenging (*People v Lantigua*, 231 AD2d 437, *lv denied* 89 NY2d 865). Further, the evidence was properly introduced after the co-defendant opened the door and falsely suggested that the officer had engaged in misconduct and had no basis to stop defendant. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Andrias, JJ.