■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE NEVERSON, Appellant. [658 NYS2d 987] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered November 29, 1993, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Daniel Finneran is relieved as attorney for the defendant, the brief filed by him on behalf of the defendant is stricken, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Kathryn Leighton, of 32 Court Street, Brooklyn, New York, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall file their brief within 120 days of the date of this order; by prior decision and order of this Court, the defendant was given leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on one another.

Based on this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect, *inter alia,* to whether the defendant's right to be present during all material stages of the trial was violated during the jury selection process *(see, People v Antommarchi,* 80 NY2d 247; *People v Melendez,* 182 AD2d 644), whether the verdict of guilt was against the weight of the evidence, and whether the sentence imposed was unduly harsh or excessive. Under the circumstances, the motion of the defendant's assigned counsel to be relieved is granted and new appellate counsel is assigned *(see, People v Casiano,* 67 NY2d 906; *People v Gonzalez,* 47 NY2d 606). Miller, J. P., Ritter, Joy and Krausman, JJ., concur.