■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODIE WOMACK, Appellant. [665 NYS2d 881] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered April 14, 1995, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 8 years to life and imposing a mandatory surcharge, unanimously affirmed.

Defendant's claim concerning the mandatory surcharge should be raised in the sentencing court pursuant to a motion for re-sentencing (*People v Rada,* 160 AD2d 552). Nonetheless, defendant failed to establish that the surcharge worked an unreasonable hardship on him or his family (*supra*). Furthermore, defendant's claim is premature since he may move therefor upon his release from prison (*People v Velasquez,* 198 AD2d 25, *lv denied* 82 NY2d 932). Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.

■ CITIBANK, N.A., Respondent, v IRA SMITH et al., Appellants. [666 NYS2d 153] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered August 14, 1996, awarding plaintiff the principal sum of $1,444,312.66, and bringing up for review an order, same court and Justice, entered July 30, 1996, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs. The appeal from the order is unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

We agree with the motion court's finding that the repeated provisions in the notes and correspondence barring oral waiver, both in general and particularly with respect to plaintiff's right to demand payment of the notes at any time, preclude defendants' claim of justifiable reliance with respect to their waiver and estoppel defenses (*see, Bank of N. Y. v Murphy,* 230 AD2d 607, 608, *lv dismissed* 89 NY2d 1030). Plaintiff was entitled to enforce the notes regardless of the outcome of the foreclosure sale of the collateral (UCC 9-501 [1]) and, in any event, the uncertainties in the future valuation of the collateral did not warrant delaying plaintiff's right to pursue a more expeditious remedy. We note that any surplus recovered, after valuation of the stock in the bankruptcy court, will be returned to defendant. We have considered defendants' other arguments and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.