■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GAMBLE, Appellant. [670 NYS2d 923] —Mikoll, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 28, 1997, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant was charged in a two-count indictment with burglary in the second degree and robbery in the second degree. Following a *Wade* hearing, County Court denied defendant's motion to suppress identification evidence, and subsequent plea negotiations resulted in defendant pleading guilty to the lesser included violent felony of attempted robbery in the second degree. During the plea colloquy, defendant admitted that, while armed with a .44-caliber pistol, he and two others forcibly entered the victim's apartment, ordered the occupants to get on the floor, and forcibly stole $800 and some marihuana. Defendant was sentenced as a second violent felony offender to a determinate prison term of five years. Although conceding that no objection thereto was made at the time, defendant contends on this appeal that the County Court's intervention in the *Wade* hearing was so prejudicial as to deny him a fair hearing, warranting our review in the interest of justice. We disagree.

A trial court is permitted to intervene to elicit or clarify relevant facts or expedite the proceedings, provided that appropriate judicial restraint is exercised (*see, People v Moulton*, 43 NY2d 944; *People v Walker*, 242 AD2d 752; *People v Garrow*, 151 AD2d 877, *lv denied* 74 NY2d 948; *People v Maderic*, 142 AD2d 892). Our review of the record establishes that County

Court's intermittent questioning of witnesses, during both direct and cross-examination, was designed to elicit significant facts and clarify confusing testimony. No prejudice to defendant ensued. The court engaged in no "acrimonious exchanges" with defense counsel, nor did it conduct significant portions of direct examination, thus usurping the prosecutorial function (*see, People v Tucker*, 140 AD2d 887, 891, *lv denied* 72 NY2d 913). Moreover, the questioning occurred in the context of a *Wade* hearing, eliminating any question of prejudicial impact on a jury.

Defendant also complains about County Court's *sua sponte* inquiry of two of the witnesses at the *Wade* hearing as to whether they had been threatened regarding their appearance in court and their testimony. Not only was this inquiry relevant to their credibility at the hearing, the context in which it occurred was relevant, i.e., that the prosecutor was forced to make application for a material witness warrant to secure the attendance of one of the witnesses. Nor do we find any prejudice to defendant in the court's remark indicating its doubt as to this witness's veracity.

We have examined defendant's remaining contentions and find them to be without merit.

Defendant's application for waiver of the surcharge and crime victim fees is premature (*see, People v Brotherton*, 222 AD2d 916, *lv denied* 87 NY2d 970; *People v Ramirez*, 208 AD2d 381, *lv denied* 84 NY2d 1037; *People v Mejia*, 191 AD2d 844, *lv denied* 81 NY2d 1017). When defendant has completed his term of imprisonment, if he remains without funds to pay the surcharge, he may move for a waiver at that time (*see, People v Velasquez*, 198 AD2d 25, *lvs denied* 82 NY2d 932; *People v Whitmore*, 177 AD2d 525, *lv denied* 80 NY2d 840).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.