■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MORALES, Appellant. [677 NYS2d 465] —Judgment, Supreme Court, New York County (Renee White, J.), rendered November 1, 1995, convicting defendant, upon his plea of guilty, of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, and imposing a mandatory surcharge, unanimously affirmed.

Procedurally, defendant's challenge to the imposition of the surcharge should have been raised in the sentencing court by way of a motion for resentencing (*People v Rada*, 160 AD2d 552). In any event, as we have previously noted on numerous occasions, defendant's present claim is premature (*see, e.g., People v Ramirez*, 208 AD2d 381, *lv denied* 84 NY2d 1037). Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KEARSE, Appellant. [677 NYS2d 470] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 24, 1996, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490, 495). Issues relating to credibility and reliability of identification testimony were properly presented for the jury's consideration, and the record provides no basis for disturbing its determinations.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.