THIRD DEPARTMENT, OCTOBER, 1998

(October 1, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DUNN, Appellant. [680 NYS2d 125] —White, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 15, 1997, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years and a mandatory surcharge of $150. Defendant appeals, contending that the mandatory surcharge, imposed pursuant to Penal Law § 60.35 and enforced under CPL 420.35, violates the Equal Protection Clauses of the State and Federal Constitutions because it creates an irrational classification. Defendant's primary argument is that the statutes discriminate against indigent inmates whose sentence of incarceration exceeds 60 days in that they permit their inmate funds to be garnished to satisfy the surcharge, while using various other methods of collecting the surcharge from others required to pay a mandatory surcharge.

Initially, defendant failed to preserve this issue for our review inasmuch as he failed to object to the surcharge at the time it was imposed or to move for resentencing pursuant to CPL 420.10 (5) (*see, People v Ruz*, 70 NY2d 942; *People v Burt*, 142 AD2d 794). Moreover, were we to address the argument, we would find it to be without merit. It has been repeatedly held that Penal Law § 60.35 and CPL 420.35 treat all persons convicted of Penal Law offenses similarly, and that the penalties imposed pursuant thereto bear a reasonable relationship to the State's legitimate interest in raising revenues (*see, People v Barnes*, 62 NY2d 702; *People v Arthur*, 234 AD2d 792; *People v James*, 144 AD2d 717).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.