■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BROWN, Appellant. [703 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 27, 1997, convicting him of robbery in the third degree and petit larceny (two counts), upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD BROWN, Also Known as ALAN PENNINGTON, Appellant. [704 NYS2d 486] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered July 6, 1995, convicting him of robbery in the first degree (four counts), attempted robbery in the first degree, and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Owens, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Despite the poor quality of the photograph of the lineup at which two of the complainants identified the defendant, there was sufficient evidence to support the hearing court's determination that the lineup was not unduly suggestive (*see, People v Adams,* 178 AD2d 536).

Contrary to the defendant's contention, his right to be present during material stages of the trial was not violated when challenges to the prospective jurors were exercised outside his presence. The defendant was present during the voir dire and when the challenges were given effect in open court (*see, People v Velasco,* 77 NY2d 469; *People v Harris,* 212 AD2d 631).

The court did not err in denying the defendant's motion to set aside the verdict on the ground of juror misconduct without conducting a hearing (*see, People v Anderson,* 249 AD2d 405).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.