■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK BARNETT, Also Known as DEREK DIDLY, Appellant. [717 NYS2d 736] —Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Teresi, J.), rendered May 3, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and conspiracy in the fourth degree.

Defendant was indicted (with others) by a Grand Jury on

two counts of criminal possession of a controlled substance in the third degree and one count of conspiracy in the fourth degree involving crack cocaine in the City of Glens Falls, Warren County, between October 13, 1998 and October 23, 1998. Found guilty on all three counts after a jury trial, defendant was sentenced to concurrent indeterminate prison sentences of 12½ to 25 years for each criminal possession conviction and 2 to 4 years for the conspiracy conviction. He now appeals.

The relevant facts of this case are recited in our prior decision involving the appeal of Andre Harris, a codefendant of defendant (*see, People v Harris*, 274 AD2d 837). Defendant's appeal hinges on his argument that Lloyd Swartz and Kevin Conine, Glens Falls Police Officers who were called as witnesses for the People, were improperly permitted to testify regarding statements made by Edward Tutt, a witness for the People and the tenant of the apartment where defendant and a quantity of crack cocaine were seized, and other witnesses for the People.

At trial, Swartz described how the police came to have Tutt's apartment under surveillance which eventually led to defendant's arrest. Swartz was allowed to testify, over defense counsel's hearsay objection, that Tutt "indicated * * * these people * * * were selling drugs out of his apartment." County Court overruled the objection and instructed the jury that "this is not to be received by you for the truth of what has been said, but only to show what this officer did upon receiving that information." We find that Tutt's statement was properly utilized to provide a reason for the police investigation, surveillance and eventual forcible entry into Tutt's apartment and not for the truth of its content. Additionally, the jury was properly instructed in this regard and, as such, the statement did not constitute inadmissible hearsay (*see, People v Roraback*, 242 AD2d 400, 403, *lv denied* 91 NY2d 879; *People v Li*, 238 AD2d 277, 278; *People v Jordan*, 201 AD2d 961, *lv denied* 83 NY2d 873).

We find defendant's remaining arguments regarding hearsay objections involving the testimony of Swartz and Tutt were properly overruled by County Court and merit no further discussion, and those arguments regarding allegedly objectionable testimony by Conine were not preserved for our review (*see, People v Dunn*, 254 AD2d 511, *lv denied* 92 NY2d 1031, *cert denied* 527 US 1024).

Finally, defendant argues that he was denied the opportunity to challenge the credibility of Tutt because County Court improperly limited his counsel's inquiry regarding the possible

prison sentence that Tutt would face if he failed to cooperate with the authorities. Though defendant properly preserved this objection for review, an attack on a witness's credibility is a collateral issue and subject to limitation by the exercise of the discretion of the trial court (*see, People v Esposito*, 225 AD2d 928, 931, *lv denied* 88 NY2d 935). When the purpose of cross-examination is to "ascertain the accuracy or credibility of a witness, its method and duration are subject to the discretion of the trial judge, and unless abused, its exercise is not the subject of review" (*Langley v Wadsworth*, 99 NY 61, 63). A review of the record reveals that County Court sustained an objection to the form of defense counsel's question to Tutt pertaining to the length of his possible prison sentence (*see, People v Esposito, supra*) and thereafter defense counsel abandoned that line of inquiry. No abuse of discretion can be gleaned from County Court's ruling as so reflected in the record.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.