People v Ogundu (2018 NY Slip Op 07456)





People v Ogundu


2018 NY Slip Op 07456


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-01125
 (Ind. No. 2962/13)

[*1]The People of the State of New York, respondent,
v
Dorothy N. Ogundu, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Lisa Ellen Fleischmann, Travis Hill, and Michelle Maerov of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered January 22, 2016, convicting her of grand larceny in the second degree (3 counts), offering a false instrument for filing in the first degree (17 counts), falsifying business records in the first degree (5 counts), and forgery in the second degree (4 counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After conducting voir dire of prospective jurors in open court, the Supreme Court, accompanied by a court reporter, invited counsel into chambers—outside of the defendant's presence—to discuss peremptory and for-cause challenges, which were then given effect in open court in the defendant's presence. Contrary to the defendant's contention, the procedure employed by the court did not violate her right to be present during the impaneling of the jury, since the record indicates that the challenges discussed in chambers "were eventually given effect in [the defendant's] presence when challenged jurors were excused and others were sworn in open court" (People v Cohen, 201 AD2d 494, 495; see People v Velasco, 77 NY2d 469, 473; People v Brown, 269 AD2d 539; People v Firrira, 258 AD2d 666; People v Harris, 212 AD2d 631, 632; People v Evans, 207 AD2d 500; People v Yonamine, 192 AD2d 687).
The defendant's contention that she was deprived of a fair trial by the admission of evidence of prior bad acts is unpreserved for appellate review (see CPL 470.05[2]; People v Wallace, 123 AD3d 1151, 1151) and, in any event, without merit (see People v Cass, 18 NY3d 553, 560; People v Alvino, 71 NY2d 233, 241-42).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court