People v Maddox (2024 NY Slip Op 04890)

People v Maddox

2024 NY Slip Op 04890

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

677 KA 19-02338

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMON D. MADDOX, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered October 30, 2019. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]), defendant contends that he did not validly waive his right to appeal and that count 3 of the indictment, charging him with robbery in the second degree (Penal Law § 160.10 [1]), was amended without leave of County Court in violation of CPL 200.70. We affirm.
Even assuming, arguendo, that defendant's contention would survive a valid waiver of the right to appeal, we note that defendant's contention is raised for the first time on appeal and, thus, is not preserved for our review (see People v Mathis, 185 AD3d 1094, 1097 [3d Dept 2020]; People v Lamont, 125 AD3d 1106, 1106 [3d Dept 2015], lv denied 26 NY3d 969 [2015]).
In any event, contrary to defendant's assertion, the indictment was not amended without leave of the court. Rather, with the permission of the court and with the consent of the People, defendant entered a plea of guilty of attempted robbery in the second degree as a lesser included offense of robbery in the second degree as charged in count 3 of the indictment (see CPL 220.10 [4] [b]; People v Gamble,
248 AD2d 896, 896 [3d Dept 1998]; see generally People v Williams, 44 AD2d 216, 218 [4th Dept 1974]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court