OPINION OF THE COURT
Per Curiam.
Defendant has been convicted of manslaughter in the first *472 degree (Penal Law § 125.20 [1]), a charge arising from an altercation in which he stabbed Raymond Nelson with a "Ninja knife”. He seeks reversal of the judgment because (1) he was absent from material stages of the trial proceedings and, (2) the court failed to properly instruct the jury.
Defendant’s first claim concerns his absence from a precharge conference, a side-bar voir dire, and a conference in the robing room to discuss peremptory challenges and challenges for cause. He claims that as a result of these absences his statutory and constitutional rights to be present during material stages of the criminal proceeding were denied (CPL 260.20; US Const 6th, 14th Amends; NY Const, art I, § 6).
In People v Mullen (44 NY2d 1), we delineated the scope of a defendant’s statutory and constitutional rights to be present during court proceedings. We stated that under CPL 260.20, a defendant’s right to be present during the trial of an indictment included presence during the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court’s charge to the jury (see, People v Mullen, 44 NY2d, at 4; Maurer v People, 43 NY 1, 3). We further noted that "[a]part from our statutory provision, due process requires the presence of a defendant at his trial 'to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.’ (Snyder v Massachusetts, 291 US 97, 108.) His presence is required only where his absence would have a substantial effect on his ability to defend. (Snyder v Massachusetts, 291 US, at pp 105-106, supra * * *.)” (44 NY2d, at 4-5.)
In this case, the precharge conference was conducted in the court’s robing room, attended by the attorneys for both sides, but without defendant. During the conference, the parties discussed a stipulation concerning the contents of a medical record, the scheduling of the rest of the trial and the court’s concluding instructions to the jury. The court also entertained and denied a motion to dismiss the murder charge and granted a motion to dismiss a weapons charge. The conference involved only questions of law or procedure and defendant’s presence was not required (see, People v Rodriguez, 76 NY2d 918; People v Ferguson, 67 NY2d 383; People ex rel. Lupo v Fay, 13 NY2d 253).
Defendant’s contention that he had a right to be present at the "side-bar voir dire” fails for similar reasons. Prior to the formal voir dire, the court directed a series of questions to prospective jurors, in the presence of defendant, designed to *473 search out matters which might lead to disqualification, including physical impairments, family obligations, and work commitments. Any juror wishing to respond to the questions was directed to approach the bench where further discussion was had between the court and the juror in the presence of both counsel but outside the hearing of defendant and the remaining venire. Following the bench conferences, some prospective jurors were excused by the court and others returned to the jury box for voir dire.
Defendant maintains that he had a right to be present during these conferences. However, the determination that a prospective juror was disqualified before voir dire was a matter for the court and defendant had no statutory or constitutional right to personally participate in the discussions leading to the court’s ruling (cf., People v Ganett, 68 AD2d 81, affd 51 NY2d 991; CPL 270.15). He was present during the initial questioning of the jurors and represented by counsel during the discussions at the bench. Under the circumstances, defendant’s presence at the bench conference would have been "useless, or the benefit but a shadow.” (Snyder v Massachusetts, 291 US at, 106-107.)
Equally without merit is defendant’s claim that his right to be present during the impaneling of the jury was impaired by his absence from a conference in the robing room during which counsel advised the court of their peremptory challenges and challenges for cause. The voir dire was conducted in open court and the challenges were exercised and recorded in open court, after the conference. Defendant’s claim is limited to his absence from the robing room discussion in which the attorneys advanced the legal basis for their challenges for cause and identified their peremptory challenges, later formally effected in open court.
Defendant’s statutory and constitutional right to be present at the impaneling of the jury was not violated by this procedure inasmuch as he was present during the voir dire of the jurors, the exercise of the challenges in open court, and the removal of those jurors from the panel. He had an opportunity to consult with his attorney before the challenges were made. The in-chambers discussion was a mere preliminary advisement of the court of challenges later effectuated in open court in the presence of defendant and thus did not constitute a material part of the trial.
Defendant also contends the court erred in responding to *474 requests from the jury. During deliberations, the jury requested several readbacks, including a readback of the attorneys’ summations. The court refused to read back the summations and defendant claims error because summations come within the literal language of CPL 310.30.
Under CPL 310.30, a jury may request at any time during its deliberation "instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury’s consideration of the case.” The jury can request a reading of not only evidentiary material, but also any material which is pertinent to its deliberation, including the summations, and the trial court must "give such requested information or instruction as [it] deems proper” (see, CPL 310.30; People v Lourido, 70 NY2d 428, 435; People v Malloy, 55 NY2d 296, 302). Whether the summations should have been read to the jury under the circumstances of this case was a matter within the trial court’s discretion. Defendant’s general objection to the court’s refusal did not preserve the argument, made for the first time on appeal, that the court did not exercise its discretion or, if it did so, exercised it improperly (see, People v Ford, 69 NY2d 775; People v Balls, 69 NY2d 641).
In sum, we find no error in the manner in which the proceedings were conducted or in the court’s handling of the jury’s inquiries.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed.