■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MCCAFFREY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered October 14, 1983, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the appeal is dismissed as abandoned.

The defendant's assigned counsel has submitted a brief in which he has described his unsuccessful efforts to contact the defendant, who has served his sentence. In light of the foregoing, counsel's application for leave to withdraw as counsel is granted, and the appeal is dismissed as abandoned. Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 25, 1989, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the court violated his right to be present during the impanelling of the jury. We disagree. The record reveals that although the voir dire was conducted in open court and in the presence of the defendant and his attorney, the attorneys subsequently discussed their peremptory and "for cause" jury challenges in chambers, outside the defendant's presence. The challenges were thereafter exercised and recorded in open court in the defendant's presence. We discern no impropriety in the court's conduct. As recently held by the Court of Appeals, the foregoing procedure does not constitute a violation of a defendant's statutory and constitutional right to be present at the impanelling of the jury *(see, People v Velasco,* 77 NY2d 469; *see also, People v Knight,* 173 AD2d 646).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.