■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 11, 1989, convicting him of rape in the first degree (two counts) and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court conducted a hearing to determine whether one of the complaining witnesses, a nine year old child, was competent to testify under oath *(see,* CPL 60.20 [2]). Although the trial court allowed the defendant's counsel to be present at the hearing, it excluded the defendant from that hearing.

We find unpersuasive the defendant's contention that he had a statutory and constitutional right to be present at the hearing *(see,* CPL 260.20; US Const, 6th, 14th Amends; NY Const, art I, § 6). The hearing was not designed to elicit substantive testimony from the complaining witness and its only purpose was for the court to determine her competency to testify under oath at the trial. Thus, since it only involved a question of law and procedure the defendant had no right to be present or to participate in the hearing *(see, People v Velasco,* 77 NY2d 469; *People v Peters,* 175 AD2d 220; *see also, People v Byrnes,* 33 NY2d 343; *cf., People v Turaine,* 78 NY2d 871). Moreover, the defendant did not demonstrate that his presence would have been helpful *(see, Kentucky v Stincer,* 482 US 730; *Snyder v Massachusetts,* 291 US 97, 106-107; *People v*

*Velasco, supra).* Finally, the defendant had ample opportunity to cross-examine the witness at the trial *(see, Kentucky v Stincer, supra).* Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.