■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CASIANO, Also Known as RAYMOND CASIANO, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered June 1, 1988, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and assault in the second degree, and sentencing him to two concurrent terms of imprisonment of 9 to 18 years and a consecutive term of imprisonment of 3½ to 7 years is unanimously modified, as a matter of discretion, in the interest of justice, by imposing all sentences to run concurrently and otherwise affirmed.

After an undercover officer purchased three vials of crack

from defendant on the third floor of a Bronx building, a second officer entered the premises to keep defendant under surveillance until the backup team arrived to make defendant's arrest. Defendant, however, correctly surmised that the second officer was in fact a policeman and tried to flee. During the ensuing struggle between defendant and the second officer, the second officer was shot in the leg with his own gun. Defendant was subdued when the backup team arrived, and $19, including a five-dollar bill used in the buy, was seized from defendant's hand. The plastic bag that defendant dropped was recovered on the main floor, and found to contain four vials of crack.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find no merit to defendant's claim that the police testimony does not support the verdict. Defendant argues on appeal that the officers had a motive to fabricate, but the weight of the evidence supports the jury's determination of their credibility. *(People v Bleakley,* 69 NY2d 490.) Defendant also argues that his acquittal on the aggravated assault charges shows that the jury reached a compromise verdict. However, defendant's conviction for assault in the second degree does not require a specific intent to injure. *(People ex rel. Gray v Tekben,* 57 NY2d 651.)

Defendant's statutory and due process right to be present at trial was not violated by the manner in which the voir dire was conducted. Defendant's absence from the side bar conferences at which individual prospective jurors were briefly questioned about their qualifications did not have a substantial effect on defendant's right to defend against the charges. *(Snyder v Massachusetts,* 291 US 97.) Similarly, defendant's absence from the robing room during the third round of voir dire was not error. Defendant had an opportunity to consult with counsel before counsel unsuccessfully challenged a juror for cause. *(People v Velasco,* 77 NY2d 469.)

We have considered defendant's remaining arguments, including those raised in his amended *pro se* supplemental brief, and find them to be without merit. However, under the circumstances herein, we find that the aggregate sentence imposed was too harsh and exercising our discretion, we modify to direct that the sentences run concurrently. Concur —Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.