■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS SANTIAGO and ALLEN MCFARLAND, Respondents. [608 NYS2d 671] —Appeal by the People from an order of the Supreme Court, Kings County (Jones, J.), entered May 14, 1993, which granted the defendants' motions, pursuant to CPL 330.30, to set aside the jury verdicts.

Ordered that the order is affirmed.

By motions dated December 1, 1992, and December 10, 1992, respectively, the defendants Luis Santiago and Allen McFarland moved, pursuant to CPL 330.30, to set aside the jury verdicts. They asserted, among other things, that their absence during portions of the jury voir dire violated their fundamental right, as enunciated in *People v Antommarchi* (80 NY2d 247), to be present at all material stages of trial. The defendants' motions were granted and new trials were ordered. We now affirm.

The jury selection in this case commenced on October 28, 1992, and concluded on October 30, 1992. The rule of law enunciated in *People v Antommarchi* (80 NY2d 247, *supra),* which governs jury selection after October 27, 1992, is therefore applicable *(see, People v Mitchell,* 80 NY2d 519). On at least three different occasions, the court posed questions to the pool of jurors designed to elicit information about their backgrounds or their ability to weigh the evidence objectively. The jurors' subsequent responses were taken by the court out of the defendant's presence. This constituted reversible error.

We note that the defendants' remaining contention is without merit *(see, People v Williams,* 199 AD2d 445). Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.