■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AIKENS, Appellant. [618 NYS2d 403] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered January 21, 1992, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

During the course of the voir dire portion of the trial, the court called counsel into chambers where it rendered its *Sandoval* ruling. It is conceded that the defendant was not present at that time, and there is no evidence in the record that the court conducted a hearing pursuant to *People v Sandoval* (34 NY2d 371).

Since the court's *Sandoval* decision was not wholly favorable to the defendant and since "the surrounding circumstances do not negate the possibility that the defendant might have made a meaningful contribution" when the decision was rendered *(see, People v Favor,* 82 NY2d 254, 267), the defendant's exclusion violated his right to be present at a material stage of the trial *(see, People v Dokes,* 79 NY2d 656). Although the in-chambers conference involved no colloquy between the court and the attorneys, the defendant's absence therefrom cannot be excused upon the argument that the issuance of the court's ruling involved only questions of law or procedure, thereby rendering the defendant's presence unnecessary *(see, People v Velasco,* 77 NY2d 469, 472; *cf., People v Bush,* 187 AD2d 951). Since no hearing was conducted prior to the court's issuance of its ruling, the defendant's only opportunity to have any input regarding matters about which he might have peculiar knowledge occurred at the in-chambers conference from which he was excluded *(see, People v Dokes,* 79 NY2d 656, 660, *supra).* Moreover, it cannot be said that the defendant's presence "would have been 'useless' " *(People v Velasco,* 77 NY2d 469, 473, *supra,* quoting *Snyder v Massachusetts,* 291 US 97, 106-107).

We find no merit to the defendant's contention that the verdict is against the weight of the evidence.

In light of our determination that a new trial is required, it is not necessary to address the defendant's remaining contentions. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.