■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN TODD, Appellant. [619 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered February 9, 1993, convicting him

of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to be present during the impaneling of the jury was impaired when the court did not allow him to be present at the time that juror challenges were exercised by counsel. We disagree. A defendant's right to be present during the trial of an indictment includes, *inter alia,* his presence during the impaneling of the jury. Due process requires the defendant's presence only where his absence would have a substantial effect on his ability to defend *(see, People v Velasco,* 77 NY2d 469). Since the defendant was present during the jury voir dire, had the opportunity to consult with his counsel before and after the challenges were registered during in camera conferences (at which he was not present), and was present in the courtroom when the parties' challenges were formally effected, the defendant was not denied his right to be present at a material stage of his trial *(see, People v Velasco,* 77 NY2d 469, *supra; People v Gooding,* 202 AD2d 375).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.