■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FRANCISCO, Appellant. [622 NYS2d 595] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 24, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant correctly contends that his absence during portions of the jury's voir dire violated his fundamental right to be present at all material stages of his trial. Therefore, the judgment of conviction must be reversed and a new trial ordered (see, People v Antommarchi, 80 NY2d 247).

The jury selection in this case commenced on October 28, 1992. The rule of law enunciated in People v Antommarchi (supra) governs those cases in which jury selection occurred after October 27, 1992. It is therefore applicable to this case (see, People v Mitchell, 80 NY2d 519; People v Santiago, 202 AD2d 451).

The record reveals that the court permitted prospective jurors, one of whom ultimately served on the jury, to answer questions at the bench, outside of the defendant's presence, regarding, inter alia, their ability to weigh the evidence objectively. Thus, we find that a fundamental right was violated, which requires reversal and a new trial (see, People v Antommarchi, supra; People v Santiago, supra).

Finally, harmless error analysis is inapplicable to this case (see, People v Mehmedi, 69 NY2d 759; People v Feliciano, 209 AD2d 634). Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.