■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO SANCHEZ, Appellant. [625 NYS2d 47] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cozier, J.), rendered March 9, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of selling cocaine to an undercover police officer during a so-called buy-and-bust operation. The defendant, one of a team of three cocaine sellers, presented, *inter alia,* an agency defense to the jury.

The defendant contends that he was absent during a material stage of his trial because he was not present during an in-camera conference between the court and counsel concerning, in part, the use of a prior conviction pursuant to *People v Molineux* (168 NY 264). The defendant also contends that the admission into evidence of the prior conviction pursuant to *People v Molineux (supra)* was error. We disagree.

The defendant has a right to be present during his trial, *inter alia,* " 'to the extent that a fair and just hearing would be thwarted by his absence' " and "where his absence would have a substantial effect on his ability to defend" *(People v Velasco,* 77 NY2d 469, 472, quoting *Snyder v Massachusetts,* 291 US 97, 105-106; *see also, People v Sprowal,* 84 NY2d 113). However, it is well settled that a defendant's presence is not required at a conference involving only questions of law or procedure *(see, People v Velasco, supra; People v Aikens,* 208 AD2d 938; *People v Martinez,* 204 AD2d 489).

Here, during the pretrial hearings at which the defendant was present, the prosecutor requested that the court allow him to cross-examine the defendant regarding six prior convictions *(see, People v Sandoval,* 34 NY2d 371). The prosecutor also requested that one of the convictions, a 1989 conviction for criminal possession of a controlled substance in the fifth degree (i.e., possession of a controlled substance with the

intent to sell it), be admitted into evidence pursuant to *People v Molineux (supra)* as proof of the defendant's intent to sell cocaine in the present case. The prosecutor did not seek to introduce any of the facts underlying the 1989 conviction, stating, "I believe the underlying facts are self-explanatory in that case." In response, neither the defendant nor his counsel denied the conviction nor sought to introduce into evidence any mitigating facts or explanations with regard thereto. Rather, defense counsel argued that the admission into evidence of the 1989 conviction would be more prejudicial than probative and that there was no need to introduce evidence of intent under *People v Molineux (supra)* because there was direct evidence of intent. The court denied the prosecutor's request to admit into evidence the defendant's 1989 conviction under *People v Sandoval (supra)* and held that the prosecutor's request to admit the same conviction under *People v Molineux (supra)* was premature.

Before the People rested, during an in-camera precharge conference at which the defendant was absent, defense counsel requested an instruction to the jury concerning the defense of agency. In response, the prosecutor renewed his request to introduce the defendant's 1989 conviction under *People v Molineux (supra)* as evidence of the defendant's intent. A discussion ensued on the legal issues of whether the prior conviction was admissible under *People v Molineux (supra)* to prove the defendant's intent to sell cocaine in the present case and, if it were, whether its admission would be more prejudicial than probative. The discussion proceeded essentially in the abstract, and at no point were any of the facts of the prior conviction discussed or implicated. The court told defense counsel to consider his request for an agency charge overnight and held that, if it gave such a charge, it would grant the prosecutor's *Molineux* request.

The following day, while the defendant was present, defense counsel stated that he had decided to request the agency charge. Accordingly, the court granted the prosecutor's *Molineux* request. Ultimately, a stipulation concerning the defendant's 1989 conviction was read to the jury, but no underlying facts were mentioned.

Based on these facts, we find that a purely legal matter was discussed during the conference at which the defendant was absent. Accordingly, his presence was not required *(see, People v Velasco, supra; People v Aikens, supra; People v Martinez, supra)*. Further, both before and after the conference, the defendant had a full and fair opportunity to deny the prior

conviction and to discuss the facts underlying it and any mitigating circumstances. Thus, it cannot be said that the defendant's absence from the conference thwarted a fair and just hearing or that it had a substantial effect on the defendant's ability to defend *(cf., People v Lamour,* 189 AD2d 825; *People v Dokes,* 79 NY2d 656).

To the extent that various Fourth Department cases can be read to stand for the proposition that the defendant's absence from a *Molineux* or a *Ventimiglia* hearing is in all cases reversible error *(see, e.g., People v Florence,* 204 AD2d 1036; *People v Spotford,* 196 AD2d 179), we decline to follow them.

Finally, because the defendant put his intent in issue by raising an agency defense, the court properly admitted the prior conviction under *People v Molineux (supra) (see, People v Williams,* 197 AD2d 722; *People v Rodriguez,* 193 AD2d 705). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.