[626 NYS2d 936]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DE ANDRE L. WILSON, Appellant.

Fourth Department, April 28, 1995

### APPEARANCES OF COUNSEL

*Linda S. Reynolds,* Buffalo *(David Schopp* of counsel), for appellant.

*Kevin M. Dillon, District Attorney* of Erie County, Buffalo *(Kimberly Kelsey* of counsel), for respondent.

### OPINION OF THE COURT

BOEHM, J.

Defendant, convicted of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), contends, *inter alia,* that he was denied his right to be present at a material stage of the trial when the Trial Judge examined a prospective juror in camera and outside the presence of both defendant and his counsel. Such error was compounded, defendant contends, when the Trial Judge excused the prospective juror without a challenge from either the defense or the prosecution.

### I

In the late afternoon of February 18, 1993, a jury panel that included the prospective juror was brought into the courtroom

where defendant was to be tried. When the court recessed for the day, the prospective juror had not yet been called for voir dire. The following morning, commencing at 8:00 A.M., the prospective juror attempted to telephone the Trial Judge, and was finally successful at about 9:45 A.M. As a result of their conversation, the Judge had the prospective juror brought into his chambers without informing either the defense or prosecution.

The prospective juror told the Judge that he was acquainted with defendant and had concerns for his safety if he served on the jury; that he did not know defendant personally but lived in the same neighborhood and saw him frequently; that defendant had made eye contact with him the day before; and that defendant would get angry if the prospective juror stated in open court that he did not want to serve on the case, especially because of the few minority members in the jury panel. He told the Judge that he did not want to "endanger my health" by angering defendant, whose family and friends were violent and involved in shootings and drug dealing in the neighborhood, and that he was afraid defendant would hurt or kill him. The Judge found the prospective juror to be credible, believed that he was honestly concerned about his safety, and excused him without informing defendant, his counsel or the prosecutor.

Thereafter, about 18 months after the trial, the Trial Judge advised defense counsel and the prosecutor of the in camera interview, stating that he had determined that the reasons the prospective juror gave for his fears "were founded, and that his reasons for asking for an excuse [sic] to be excused from the jury amounted to a challenge for cause. And the best I could do, even though the defendant had seen him in the jury pool and in the audience, and expected him to sit on the jury, was to hope for the best and to excuse him and I did."

The Trial Judge advised counsel that he would not turn over the entire transcript of the interview but that, in order to protect defendant's right to raise the issue on appeal, a redacted transcript would be provided that would conceal as much as possible the identity of the prospective juror. In that same proceeding, the Judge advised counsel that, at the time of the in camera interview, he had before him another indictment involving a shooting outside of a club in Buffalo and that charged defendant with gun possession. Further, the Judge

advised that defendant's extensive criminal record supported his conclusion that there was substance to the prospective juror's fears.

## II

■ The carefully considered conduct of the Trial Judge did not violate the *Antommarchi* rule because this was not an *Antommarchi* situation *(see, People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759). *Antommarchi* is a restatement of the constitutional principle that a defendant has a fundamental right to be present during all material stages of the trial (US Const 6th Amend; NY Const, art I, § 6; *see, e.g., Snyder v Massachusetts,* 291 US 97; *People v Parker,* 57 NY2d 136). That is a statutory requirement as well (CPL 260.20).

Although a defendant need not be personally present during the informal questioning of prospective jurors when such questioning relates only to matters such as physical impairment, family obligations and work commitments *(People v Velasco,* 77 NY2d 469, 472-473), a defendant has the right to be present during questioning regarding issues touching upon the merits, such as a prospective juror's knowledge of and reaction to pretrial publicity about the crime involved *(People v Sloan,* 79 NY2d 386, 392-393).

In *Sloan,* the Court of Appeals discussed its earlier decisions regarding a defendant's right to be present at all material stages of a trial. It referred to *People v Velasco (supra,* at 472), in which it summarized the law as follows: "In *People v Mullen* (44 NY2d 1), we delineated the scope of a defendant's statutory and constitutional rights to be present during court proceedings. We stated that under CPL 260.20, a defendant's right to be present during the trial of an indictment included presence during the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court's charge to the jury [citations omitted]. We further noted that '[a]part from our statutory provision, due process requires the presence of a defendant at his trial "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *(Snyder v Massachusetts,* 291 US 97, 108.) His presence is required only where his absence would have a substantial effect on his ability to defend. *(Snyder v Massachusetts,* 291 US, at pp 105-106, *supra* * * *.)' (44 NY2d, at 4-5.)"

The core question is whether defendant's absence at the questioning of a prospective juror would have an effect on defendant's right to "a fair and just hearing." The Court of

Appeals, as well as the United States Supreme Court, stated that it would not have such an effect where "defendant's presence * * * would have been 'useless, or the benefit but a shadow' " *(People v Velasco, supra,* at 473, quoting *Snyder v Massachusetts, supra,* at 106-107).

Thus, in *People v Mullen* (44 NY2d 1, 5-6, *supra),* the Court of Appeals held that the in-chambers questioning of a seated juror for possible disqualification, conducted by the Trial Judge in the presence of the prosecutor and defense counsel, but in the absence of defendant, did not constitute a material stage of the trial and was not, therefore, a violation of CPL 260.20, or a denial of due process.

Here, the right of defendant to a fair trial was not "thwarted by his absence", nor did his absence have "a substantial effect on his ability to defend." The questioning of the prospective juror was not conducted during voir dire. It was conducted before voir dire occurred, similar to the situation in *People v Velasco (supra).* There, in upholding the judgment of conviction, the Court of Appeals stated: "[T]he determination that a prospective juror was disqualified before voir dire was a matter for the court and defendant had no statutory or constitutional right to personally participate in the discussions leading to the court's ruling [citations omitted]. He was present during the initial questioning of the jurors and represented by counsel during the discussions at the bench. Under the circumstances, defendant's presence at the bench conference would have been 'useless, or the benefit but a shadow.' *(Snyder v Massachusetts, [supra],* at 106-107.)" *(People v Velasco, supra,* at 473.)

The fact that defendant's counsel was not present during the in camera interview does not necessitate reversal, as it did in *People v Johnson* (189 AD2d 318). There, we held that the in camera questioning of a seated and sworn juror for possible disqualification did not constitute a material stage of the trial. We, nevertheless, reversed because the questioning was conducted and the sworn juror was discharged in the absence of both defendant and defense counsel. Here, however, the prospective juror was neither seated nor sworn. He was merely one member of the panel brought into the courtroom the day before and had not yet been subjected to voir dire. If he had called in sick that morning, he no doubt would have been excused ex parte, probably by the Commissioner of Jurors or someone in the Commissioner's office, who would then have merely notified the Trial Judge of that fact. Further, the

prospective juror had not been accepted by defendant. Therefore, unlike in *Johnson,* excusing the prospective juror did not deny defendant a fair and just hearing *(see, People v Mulinar,* 185 AD2d 996, *lv denied* 81 NY2d 844; *People v Boatman,* 147 AD2d 912, *lv granted* 76 NY2d 731, *appeal withdrawn* 76 NY2d 846).

## III

Additionally, the very purpose of the in camera proceeding was to keep the identity of the prospective juror from defendant and from defense counsel. The prospective juror expressed intense apprehension in the interview when told by the Judge that, if defendant's counsel were present at the interview, he would be under an obligation to inform defendant of the prospective juror's concerns regarding defendant. The prospective juror protested that that, too, would endanger his health. He said, "I mine *[sic]* as well testify if he's going to be here, and his lawyer *[sic]* going to be in here and hear everything I'm saying."

Under the circumstances, the right of defendant and his counsel to be present was not absolute, and the Trial Judge carefully and correctly struck the necessary balance. After conducting the in camera interview with the prospective juror, the Judge provided a redacted transcript of the interview to counsel. More importantly, the right of defendant to a fair and just hearing was not thereby "thwarted by his absence", nor by that of his counsel *(Snyder v Massachusetts, supra,* at 108).

## IV

We also conclude that the Trial Judge did not abuse his discretion in *sua sponte* excusing the prospective juror without a challenge from either defendant or the prosecution. The prospective juror told the Judge that he was one of only a few minority members in the panel and that defendant would want minority jurors for his trial. When asked why he did not speak up and ask to be excused, the prospective juror replied that he was sure that would anger defendant "because I know if I was up on trial and there was only like three other black people on the jury I'm going to want as many blacks as possible."

The influence that the prospective juror felt as a member of the same minority group as defendant, coupled with the acute

fear for his safety, would have made it difficult, if not impossible, for the prospective juror to render a verdict based exclusively upon the evidence. That fear, whether real or imagined, was sufficient to support the Trial Judge's conclusion that the prospective juror had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]).

The determination of a challenge for cause is one "committed largely to judgment of the Trial Judge with his peculiar opportunities to make a fair evaluation" *(People v Williams,* 63 NY2d 882, 885; *see, People v Buford,* 69 NY2d 290, 298; *People v Mills,* 200 AD2d 771, 772, *lv denied* 83 NY2d 855). Under the circumstances it was unnecessary for the Trial Judge to ask the prospective juror whether he felt he could, nevertheless, act as a fair and impartial juror. The Judge well knew by then that an expurgatory oath could not have been forthcoming *(see, People v Culhane,* 33 NY2d 90). Even assuming the unlikely possibility that the prospective juror had given such an oath, the Judge would have been obliged, nevertheless, to excuse him because of the strong possibility that the prospective juror's prior knowledge or impression of defendant might influence that juror's verdict *(see, People v Torpey,* 63 NY2d 361). Further, the point and purpose of the proceeding was not to inquire into whether the prospective juror was impartial, but whether his desire to be excused had a substantial basis.

We disagree with defendant's contention that the Judge was unable, without a challenge, to excuse the prospective juror. As the Court of Appeals has pointed out, "[t]he role of a Trial Judge in a criminal case is not merely that of an observer or even that of a referee enforcing the rules of a game [citation omitted]" *(People v Moulton,* 43 NY2d 944, 945).

## V

We conclude that defendant's sentence was neither unduly harsh nor severe and that defendant's remaining contentions are without merit.

## VI

Accordingly, the judgment of conviction should be affirmed.

Fallon, J. P., Wesley, Doerr and Balio, JJ., concur.

Judgment unanimously affirmed.