■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONATO VASQUEZ, Appellant. [630 NYS2d 569] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered September 21, 1992, convicting him of rape in the second degree (two counts), rape in the third degree (two counts), sexual abuse in the second degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was denied his fundamental right to be present during all material stages of his trial when a prospective juror was questioned at a sidebar conference, in the presence of both counsel, about information that he had acquired about the case from the newspapers and/or friends (see, People v Sloan, 79 NY2d 386; People v McMichael, 216 AD2d 588). Based on the record before us, we cannot conclude that the defendant's presence at the sidebar conference would have been of no benefit (see, People v Sloan, supra, at 392-393), even though, immediately after his off-the-record interview, the juror was discharged by the court. Accordingly, the defendant's judg-

ment of conviction is reversed and a new trial is ordered *(see, People v Antommarchi,* 80 NY2d 247; *People v Sloan, supra).*

In view of the foregoing, we need not reach the defendant's remaining contentions. Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.