■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MAHER, Appellant, [632 NYS2d 595] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered June 24, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Beldock, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We find unpersuasive the defendant's contention that the hearing court erred in refusing to suppress the identification evidence. The hearing court found that the lineup was not impermissibly suggestive (*see generally, People v Stephens*, 143 AD2d 692; *People v Diaz*, 138 AD2d 728; *People v Gairy*, 116 AD2d 733), and it is well settled that there is no requirement that the defendant be surrounded by individuals whose physical characteristics are nearly identical to his (*see, People v*

*Chipp*, 75 NY2d 327, *cert denied* 498 US 833; *People v Baptiste*, 201 AD2d 659; *People v Brito*, 179 AD2d 666). Accordingly, we discern no basis in the record for disturbing the hearing court's determination.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94; *People v Scott*, 168 AD2d 523). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). In this case, the prosecution and the defense each presented a number of witnesses who gave conflicting testimony regarding whether the defendant committed the crime, and the jury ultimately credited the prosecution's evidence. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]).

However, we agree with the defendant that a new trial is necessary because his right to be present at a material stage of the proceedings was violated. Jury selection in this case commenced on January 21, 1993. Hence, the rule of law set forth in *People v Antommarchi* (80 NY2d 247) is applicable. The record reveals that several prospective jurors were improperly questioned regarding possible biases and prejudices at sidebars outside of the defendant's presence. Based on the record before us, it cannot be said that the defendant's presence at these sidebars would have been of no benefit (*see, People v Sloan*, 79 NY2d 386; *People v Vasquez*, 218 AD2d 766; *People v Daniels*, 213 AD2d 419). Accordingly, the judgment of conviction is reversed and a new trial is ordered.

In view of the foregoing, we do not reach the defendant's remaining contention. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.