■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE JACKSON, Appellant. [633 NYS2d 647] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 26, 1994, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to the top count of an indictment alleging the sale of cocaine. The plea was in satisfaction of that indictment and another which charged defendant with a similar sale which occurred while the first charge was pending. The plea bargain provided for a prison sentence of 4 to 12 years, unless defendant, in cooperation with the State Police, facilitated an A-II felony cocaine sale by a drug dealer to an undercover State Police investigator. In such event, the sentence would be 3 to 9 years. The sale had to occur within 30 days of the plea and be to the satisfaction of the prosecutor. Defendant was released with warnings that if he failed to return for his scheduled sentencing, the bargain as to the sentence would be off. Defendant failed to appear for sentencing, was thereafter apprehended and sentenced to 4 to 12 years in prison.

After defendant failed to appear for sentencing, defense counsel moved to have the Trial Judge recuse himself. Prior to defendant's plea, the Judge had contacted the State Police in an effort to confirm the status of a continuing defense counsel representation that defendant was working with the State Police. The claim was being used as a basis to delay the proceedings. Defendant contended that the contact prejudiced the Judge against him and that County Court erred in denying the recusal motion.

Where no legal ground for disqualification exists (*see,* Judiciary Law § 14), it is up to the conscience and discretion of the Trial Judge to determine if recusal is warranted under a given set of circumstances (*see, People v Moreno,* 70 NY2d 403). We find no abuse of County Court's discretion in refusing defendant's motion for recusal (*see, People v Brunner,* 182 AD2d 1123, *lv denied* 80 NY2d 828; *People v Webb,* 159 AD2d 289, *lv denied* 76 NY2d 744). The complained-of conduct was unrelated to the issue of defendant's guilt, occurred prior to the plea at which time the defense was fully aware of the contact and made no objection, and did not impact the sentence or the conditions to be completed to receive a reduced sentence. It must be noted that defendant did not move to withdraw his plea and does not seek such relief within this appeal.

We find no merit to defendant's remaining contentions. De-

fendant had an opportunity to explain the circumstances of his failure to appear, as well as his efforts to cooperate and meet the terms of his plea bargain. He failed to do so (*see, People v Outley*, 80 NY2d 702). Defense counsel's conclusory explanation failed to raise an issue of fact requiring further inquiry. We find no abuse of discretion or extraordinary circumstances with defendant's sentencing, and decline to disturb the sentence imposed.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.