■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THORPE, Appellant. [637 NYS2d 212] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered July 22, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The branch of the defendant's omnibus motion which was to suppress the eyewitness's identification testimony was properly denied since the evidence adduced at the *Wade* hearing established that the identification procedures employed were not suggestive. The eyewitness informed the police that he was a passenger in the vehicle from which the fatal shots were

fired, that the person who fired the shots was nicknamed "Saquan", that he had worked for Saquan for about a year in a drug factory, and that he had seen Saquan more than 20 times. The eyewitness identified the defendant as Saquan after viewing a book of photographs at the police precinct. The defendant failed to show that the eyewitness was impermissibly influenced in any way when viewing the photographs. The police subsequently arrested the defendant, and the eyewitness made a confirmatory identification from his arrest photograph (*see, e.g., People v Small*, 201 AD2d 315; *see also, People v Rodriguez*, 79 NY2d 445).

The defendant contends in his supplemental *pro se* brief that the eyewitness's identification testimony should have been suppressed because the CPL 710.30 notice was inadequate. However, the defendant waived this claim (*see*, CPL 710.30 [3]).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

However, we agree with the defendant's contention that he is entitled to a new trial due to the manner in which the jury was selected. After voir dire began, two prospective jurors asked to speak privately with the court about jury service. They did not indicate to the court the particular subject matter they wished to discuss. The defendant refused to waive his right to be present at any sidebar conferences. The court stated that, since the defendant did not waive his right to be present, it would not hold any sidebar conferences to discuss jurors' private matters. The two jurors were dismissed, without any inquiry by the court, over the defense counsel's objection.

A defendant has a constitutional right to a trial by a " 'particular jury chosen according to law in whose selection [the defendant] has had a voice' " (*People v Buford*, 69 NY2d 290, 297-298, quoting *People v Ivery*, 96 AD2d 712; *People v Wilson*, 106 AD2d 146; NY Const, art I, § 2). CPL article 270 provides the method for selecting an impartial jury. The first 12 members of the jury panel who are not excluded as prescribed by the statute, constitute the trial jury (CPL 270.05 [2]). Once a jury panel is properly drawn and sworn to answer questions truthfully, there must be legal cause or a peremptory challenge to exclude a juror (CPL 270.15; *People v McQuade*, 110 NY 284, 306; *cf., People v Wilson*, 211 AD2d 136, *lv granted* 86 NY2d 805 [court properly dismissed a prospective juror who had not

yet been called for voir dire without a challenge from either defense or prosecution]). A defendant "is * * * entitled to insist that the jury shall be selected according to methods estabished with a view to secure a just and impartial administration of the jury system * * * The court cannot arbitrarily, and without cause, set aside a competent juror. Neither the court nor the parties can select the jury, except in the way pointed out by the statute" (*People v McQuade, supra*, at 305-306).

The issue here is not whether the court was required to hold sidebar conferences with prospective jurors (*cf., People v Cooper*, 220 AD2d 234 [nothing in *People v Antommarchi*, 80 NY2d 247, requires that the court invite prospective jurors to raise private matters at sidebar]). Rather, the issue is whether the court erred in summarily dismissing these two jurors. Although the court might have been concerned about the jurors' privacy, it never inquired whether the jurors would be willing to speak at sidebar in the presence of the defendant or in the courtroom with the remaining jurors removed. Furthermore, the court could have held discussions with the jurors at sidebar with only the attorneys present as long as the issues related to qualifications such as physical impairments, family obligations, and work commitments (*see, People v Sprowal*, 84 NY2d 113; *People v Velasco*, 77 NY2d 469). Instead, the court dismissed the jurors without any statutory basis and without the defendant's participation. A court may not, directly or indirectly, select the jury itself (*Hildreth v City of Troy*, 101 NY 234, 239). Since the defendant's right to a jury selected in accordance with the law was violated, he is entitled to a new trial (*see, e.g., Hildreth v City of Troy, supra; People v Wilson*, 106 AD2d 146, *supra*).

We have reviewed the remaining contentions of the defendant, including those raised in his supplemental *pro se* brief, and find them to be without merit or academic in light of our determination. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.