■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. MONTGOMERY, Appellant. [637 NYS2d 577] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of criminal possession of a controlled substance in the first and third degrees. We reject his contention that Supreme Court erred in denying his motion to suppress physical evidence seized during a search of his apartment. The People established that probable cause existed for defendant's arrest. The court credited the testimony

of police officers that, after defendant invited them into his apartment, they arrested him, and that defendant consented to the search of his apartment. Although defendant presented a contrary version of those events, there is no basis in the record to disturb the suppression court's assessment of credibility *(see, People v Prochilo,* 41 NY2d 759, 761).

The trial court did not err in admitting into evidence a tape recording of conversations among the dealer, the undercover officer and members of the surveillance team that occurred immediately prior to and during the transactions between defendant and the dealer, and between the dealer and the undercover officer *(see, People v Buie,* 86 NY2d 501; *People v Brown,* 80 NY2d 729). The contemporaneous nature of the recorded conversations was sufficiently corroborated by other evidence and thus, the tape recording was admissible under the present sense impression exception to the hearsay rule *(see, People v Buie, supra; People v Brown, supra,* at 737; *People v Vasquez,* 214 AD2d 93; *People v Sanchez,* 216 AD2d 207).

We reject the contention that defendant's presence was required at an in-chambers colloquy regarding defense counsel's motion in limine for preclusion of evidence that a beeper, or pager, was seized during the search of defendant's apartment. The People did not dispute the underlying facts supporting defendant's motion, and the colloquy was limited to a question of law *(see, People v Velasco,* 77 NY2d 469, 472; *People v Sanchez,* 213 AD2d 566, *lv denied* 86 NY2d 784; *People v Gopaul,* 171 AD2d 754, *lv denied* 78 NY2d 966).

"Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" *(People v Moreno,* 70 NY2d 403, 405). The record does not support defendant's contention that the conduct of the Judge during the suppression hearing demonstrated bias or prejudice against defendant. The court's communication with the supervisor of a defense witness concerned an issue unrelated to the matter of defendant's guilt and was satisfactorily explained by the Judge. Recusal is a discretionary matter within the personal conscience of the Judge, and we conclude that there was no abuse of discretion in this case *(see, People v Moreno, supra,* at 405; *People v Jackson,* 221 AD2d 740; *People v Bibbs,* 177 AD2d 1056, *lv denied* 79 NY2d 918).

We have reviewed the remaining contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.