■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC TOLLIVER, Appellant. [638 NYS2d 268] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of at-

tempted murder in the second degree and criminal possession of a weapon in the second degree. There is no merit to his contention that the jury verdict is not supported by legally sufficient evidence or is contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We, nevertheless, conclude that reversal is required because County Court erred in conducting portions of the voir dire of a prospective juror at the bench in the absence of defendant. A defendant has a fundamental right to be present during any material stage of the trial *(see,* CPL 260.20; *People v Antommarchi,* 80 NY2d 247, 250, *rearg denied* 81 NY2d 759; *People v Turaine,* 78 NY2d 871, 872; *People v Mullen,* 44 NY2d 1, 4-5). Questioning of prospective jurors during the impanelling of the jury "may constitute a material stage of the trial" *(People v Antommarchi, supra,* at 250; *see, People v Sloan,* 79 NY2d 386; *People v Velasco,* 77 NY2d 469).

The record establishes that a prospective juror was questioned at the bench after indicating that her brother had been accused of a crime. There is no record of the bench conference. However, because defendant had a fundamental right to be present, his failure to object to being excluded therefrom is not fatal to his claim *(see, People v Antommarchi, supra,* at 250; *People v Dokes,* 79 NY2d 656, 662). Moreover, it is apparent from the record that the discussion concerned the revelation of the prospective juror that her brother had been convicted of a crime and the impact of that conviction upon her ability or willingness to serve as a juror. Thus, the record is sufficient to permit appellate review *(cf., People v Jupiter,* 210 AD2d 431, 432, *lv denied* 85 NY2d 911). The prospective juror ultimately served on the jury.

Any questioning relating to the fact that the prospective juror's brother had been accused of a crime would go well beyond matters pertaining to the juror's general qualifications covered in *People v Velasco (supra).* Defendant was entitled to hear questions intended to search out the bias or hostility of the prospective juror, to assist in determining whether there should be a challenge for cause or a peremptory challenge *(see, People v Antommarchi, supra,* at 250; *People v Sloan, supra,* at 392-393). Thus, we conclude that the fundamental right of defendant to be present at all material stages of his trial was violated and that the judgment of conviction should be reversed and a new trial granted *(see, People v Antommarchi, supra,* at 248-250; *People v Francisco,* 212 AD2d 628).

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of On-

ondaga County Court, Burke, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.