■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ALCANTARA, Appellant. [641 NYS2d 566] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 16, 1993, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to a

fair trial when the trial court conducted a hearing pursuant to *People v Ventimiglia* (52 NY2d 350) in camera and out of his presence. We disagree. Prior to the in camera hearing, the court asked defense counsel if he would waive his client's presence and counsel answered that he would. However, nothing in the record indicates that the defendant had been made aware of his right to be present or of the nature of the hearing, either by the court or by the defense counsel, or that he had discussed the waiver with his attorney. Although the record does not support a finding that the defendant made a knowing, voluntary, and intelligent waiver of his right to be present prior to the in camera *Ventimiglia* hearing, we find that under the particular circumstances of this case reversal is not warranted.

The record reveals that after the in camera hearing and before the jury was brought in, the court, with the defendant present, thoroughly reviewed the *Ventimiglia* issues with both counsel and entertained questions and arguments on the issues with both counsel, effectively holding a de novo *Ventimiglia* hearing in the defendant's presence (*see, People v Burks,* 219 AD2d 854; *see also, People v Sanchez,* 213 AD2d 566, 567-568).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.