■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY CHERRY, Appellant. [654 NYS2d 800] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 6, 1995, as amended August 7, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment as amended is reversed, on the law, and a new trial is ordered.

The defendant's *contention* that he was deprived of his statutory right to be present at sidebar discussions during jury selection is supported by the record (*see, People v Roman,* 88 NY2d

18, 25; *People v Antommarchi*, 80 NY2d 247). In at least one instance, the court summarily dismissed a prospective juror after a private discussion without permitting any inquiry into the reasons for this action (*see, People v Thorpe*, 223 AD2d 739). The court cannot arbitrarily and without cause dismiss a competent juror (*see, People v Thorpe, supra*). Moreover, notwithstanding the fact that the defendant had not waived his right to be present at sidebar discussions, the court, on several occasions during voir dire, specifically refused to permit the defendant to attend sidebar discussions with prospective jurors explicitly pertaining to matters of bias (*see, People v Maher*, 89 NY2d 318; *People v Antommarchi, supra*). Indeed, the court overruled defense counsel's objection exclaiming, "I will not have a defendant at my sidebar while I am conversing with a prospective juror, period". Inasmuch as the record does not suggest that the defendant's presence at the sidebar questioning would have been of no benefit, his exclusion from this material stage of the trial necessitates that he receive a new trial (*see, People v Maher, supra; People v Roman, supra; People v Vasquez*, 218 AD2d 766; *People v McMichael*, 216 AD2d 588).

In light of our determination, we need not reach the defendant's remaining contentions. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.