■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK STAROPOLI, Appellant. [855 NYS2d 159]—

The defendant's contention that the expert's testimony concerning child sexual abuse accommodation syndrome impermissibly bolstered the testimony of the complainant is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, there is no merit to the contention (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Taylor*, 75 NY2d 277, 288 [1990]).

The defendant's contentions regarding the disqualification of two prospective jurors are without merit. The determination that a prospective juror should be disqualified *before voir dire* is a matter for the court, and a defendant has no statutory or constitutional right to personally participate in discussions leading to the court's ruling (*see People v Velasco*, 77 NY2d 469, 473 [1991]). Here, the County Court providently exercised its discretion when, before the voir dire of two prospective jurors and before their panel was sworn to answer questions truthfully, it directed those two prospective jurors to report back to the Commissioner of Jurors because they were inappropriately dressed (*see People v Wilson*, 211 AD2d 136, 140 [1995], *affd* 88 NY2d 363 [1996]; *cf. People v Thorpe*, 223 AD2d 739, 740-741 [1996]).

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised on his attorney's failure to retain and call an expert witness, involves matter dehors the record and, thus, is not properly before us on this direct appeal from

the judgment (*see People v Farrier*, 45 AD3d 603 [2007]; *People v Zimmerman*, 309 AD2d 824 [2003]; *People v Carlisle*, 272 AD2d 477 [2000]). The record otherwise fails to support the defendant's claim since it demonstrates that trial counsel rendered meaningful representation to him (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.