■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MILES, Appellant. [873 NYS2d 125]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered August 16, 2006, convicting him of criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Konvisor, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his oral statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's claim with respect to the alleged unreasonableness of the police conduct during the traffic stop is preserved for appellate review because it was "expressly decided" by the Supreme Court (CPL 470.05 [2]; see People v Marshall, 51 AD3d 821 [2008]). The Supreme Court properly declined to suppress the physical evidence and the defendant's first statement. The defendant's contention that he allegedly was subject to an unreasonable intrusion by the police is without merit (see People v Smith, 280 AD2d 340 [2001]; People v Bethea, 239 AD2d 510 [1997]; People v Reyes, 191 AD2d 522 [1993]).

The defendant's contentions regarding the disqualification of nine prospective jurors are without merit. The determination that a prospective juror should be disqualified before voir dire is a matter committed to the discretion of the trial court (see People v Velasco, 77 NY2d 469 [1991]). Here, the Supreme Court providently exercised its discretion when, before the nine prospective jurors were seated in the jury box for voir dire, it directed that those jurors be disqualified because they had observed the defendant pushing his wheelchair-bound child into the courtroom after the court had instructed the defendant to make other arrangements for the child's care (see People v Staropoli, 49 AD3d 568 [2008]; People v Wilson, 211 AD2d 136, 140 [1995]; cf. People v Thorpe, 223 AD2d 739, 740-741 [1996]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Angiolillo, J.P., Leventhal, Belen and Chambers, JJ., concur.