People v Alfonso (2024 NY Slip Op 00361)

People v Alfonso

2024 NY Slip Op 00361

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Ind. No. 2853/10 Appeal No. 1528 Case No. 2013-02331 

[*1]The People of the State of New York, Respondent,
v
Jonathan Alfonso, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered June 13, 2013, convicting defendant, after a jury trial, of rape in the first degree, sexual abuse in the third degree, burglary in the first degree, robbery in the first degree (four counts), and endangering the welfare of a child (two counts), and sentencing him, as a second felony offender, to an aggregate term of 14 years, unanimously affirmed.
Defendant's convictions were supported by legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification. The two victims who provided in-court identifications had ample opportunity to observe defendant, including his face at close range, throughout the incident. One of the victims testified that she focused her attention on defendant's face. Although the victims' initial descriptions of defendant to the police were less detailed and varied in some respects from their trial testimony, they were largely consistent as to defendant's age, height, racial background, skin tone, and hairstyle. Under these circumstances, the discrepancies did not render their identification testimony unreliable (see People v Messina, 219 AD2d 530, 531 [1st Dept 1995], lv denied 86 NY2d 874 [1995]). The jury could reasonably reject defendant's contention that he could not have been a culprit because the fingerprints and DNA evidence obtained from the apartment did not match defendant's genetic makeup, especially in light of testimony that defendant was wearing gloves during the burglary.
There was ample evidence to establish defendant's accessorial liability for rape in the first degree. During the course of the burglary, defendant, after sexually assaulting one of the victims by touching her anus, took the victim to the bedroom where his codefendant was looking for money and valuables, and then closed the door behind him as he left the room, leaving the victim alone with the codefendant, who subsequently raped her. It may be reasonably inferred from defendant's acts that defendant, while sharing his codefendant's intent to commit rape, intentionally aided the codefendant in the conduct (Penal Law § 20.00).
The jury could also reasonably infer that, when defendant placed the victim face down on the sofa and put his finger inside her anus, he did so for the purpose of gratifying his sexual desire, in support of the sexual abuse count (Penal Law § 130.00[3]). The fact that the People argued on summation that this act served to assert defendant's "power" over the victim does not negate the other reasonable inferences that may be drawn from the evidence.
Defendant's contention that he was improperly excluded from portions of jury selection when the court used a questionnaire, written in English, to obtain information from potential jurors for preliminary screening purposes prior to formal voir dire requires [*2]preservation (see People v King, 27 NY3d 147, 156 [2016]), and we decline to review this unpreserved claim in the interest of justice. Further, defendant's claim that he never saw the completed questionnaires involves matters outside the record and not reviewable on appeal (see People v Soto, 37 AD3d 162 [1st Dept 2007], lv denied 8 NY3d 950 [2007]). As an alternative holding, and to the extent the record permits review, defendant was not improperly excluded from any material portion of jury selection (see People v Antommarchi, 80 NY2d 247, 250 [1992]). The court's questionnaire served to expedite the jury selection process by determining which prospective jurors would be unable to serve due to hardships, were subject to excusal for cause on consent of the parties, or required additional discussion to explore potential for cause excusal. "[T]he determination that a prospective juror [is] disqualified before voir dire [is] a matter for the court and defendant ha[s] no statutory or constitutional right to personally participate in the discussions leading to the court's ruling" (People v Velasco, 77 NY2d 469, 473 [1991]). Moreover, defendant was present with a Spanish translator during the three rounds of formal voir dire.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024